BRUNSWICK, PRAVER & NASSOF, INC., and JACOB L. SACHS, Respondents, v. TRIBORO PROPERTIES, INC., Appellant.—Action by plaintiff brokers to recover commission for the sale of real estate. Order of the Appellate Term affirming judgment of the Municipal Court, City of New York, Borough of Queens, Fourth District, unanimously affirmed, with costs. (*Homnick* v. *New York Dock Trade Facilities Corp.*, 246 App. Div. 844; *Goldmann* v. *Goldmann Realty Corp.*, 227 id. 28; *Brand* v. *Nagle*, 122 id. 490.) Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

JOHN CERASOLE, Respondent, v. ANNA EGENBERGER and Others, Defendants; CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant.— This action in equity was brought by plaintiff to compel the defendant Central Hanover Bank and Trust Company to bring into court a balance of $5,600 unpaid under a certain building loan agreement and bond and mortgage of $17,000, made by defendant Anna Egenberger to the said Central Hanover Bank and Trust Company, for ratable distribution amongst the mechanics' lienors and parties in interest in said sum of $5,600. The trial court awarded judgment *inter alia* (1) directing that the Central Hanover Bank and Trust Company pay such balance of $5,600 into court for distribution among the lienors as their rights shall subsequently be determined; (2) referring the matter to the official referee to take proof as to such rights in the said fund of $5,600, and (3) opening the default of the lienors in pleading and permitting them to prove their liens and rights in the said fund before the official referee. Defendant Central Hanover Bank and Trust Company appealed from the said judgment. Judgment in favor of the plaintiff against defendant Central Hanover Bank and Trust Company unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

JOHN HOLLEY CLARK, JR., Respondent, v. FIORELLO H. LAGUARDIA, as Mayor of the City of New York, THE CITY OF NEW YORK and Others, Appellants.— Taxpayer's action to restrain defendants from operating buses on certain routes and streets in the city of New York. Judgment restraining such operation unanimously affirmed, with costs. (*Clark* v. *LaGuardia*, 245 App. Div. 325.) Present — Lazansky, P. J., Young, Hagarty and Taylor, JJ.; Carswell, J., not voting.

MOLLIE COHEN and JOE COHEN, Respondents, v. C. I. T. CORPORATION and MURRAY A. HANTGAN, Appellants, and PETER APERAWIC, Defendant.— In an action by one of the plaintiffs to recover damages for personal injuries resulting from a collision between two automobiles going in opposite directions and by her father to recover for loss of services, it appeared that the daughter was a passenger in one of the cars which had just backed out of a parking space and had proceeded about fifty feet when a car approaching from the opposite direction collided with it. The defendants were the owners of the two cars and the driver of the car in which the injured plaintiff was a passenger. The evidence was conflicting as to the position of the cars in the drive. The jury determined the question by finding that both drivers were negligent. There is also presented an appeal from an order denying a motion by the appealing defendants for a new trial on the ground of alleged misconduct of a juror. Such alleged misconduct was not established as a question of fact. Other questions raised have been considered, but do not warrant discussion. Judgment and order unanimously affirmed, with costs. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.